## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **POLA LOGISTICS  LTD** | **CIVIL ACTION** |
| | **NUMBER:** |
| **VERSUS** | **SECTION:** |
| **ST SHIPPING AND TRANSPORT PTE LTD AND GLENCORE INTERNATIONAL AG** | **JUDGE:** |
| | **MAGISTRATE:** |

### VERIFIED COMPLAINT, PRAYER FOR PROCESS AND RELIEF BY MARITIME ATTACHMENT

NOW INTO COURT, through undersigned counsel, comes plaintiff, Pola Logistics Ltd ("Pola"), and for its Verified Complaint against defendants, ST Shipping and Transport Pte Ltd ("ST Shipping") and Glencore International AG ("Glencore"), *in personam*, alleges on information and belief as follows:

### JURISDICTION, VENUE, AND PARTIES

1.      This is an admiralty and maritime claim within the jurisdiction of the United States and of this Honorable Court within the meaning of Rule 9(h) and Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure in a cause of action for breach of a charter and/or contract of affreightment.

2.      This action is for security in aid of arbitration pursuant to 9 U.S.C. §1, *et. seq.*, 9 U.S.C. §201, *et. seq.* and other applicable laws of the United States and/or the State of Louisiana.  Plaintiff is entitled to arbitrate this matter in London pursuant to the applicable contracts and/or charter parties; alternatively, should it be found that plaintiff

1

PD.22832502.1

is not entitled to arbitrate this claim under the applicable contracts, this claim should be resolved before this Honorable Court.

3.     At all times material, plaintiff Pola was and is a legal entity organized and existing under and by virtue of the laws of a foreign country.

4.     At all times material, defendants ST Shipping and Glencore were corporations or other legal entities organized and existing under and by virtue of the laws of  foreign nations, with their principal places of business outside the United States.

5.     Defendants cannot be found within this District within the meaning of  Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims; however, on information and belief, defendants have property, goods, chattels, or credits and effects that are now or soon will be within this District, to-wit: bunkers and cargo aboard the M/V TRUSTN TRADER II.

6.     It is also believed that defendants may have funds on deposit with local agents Bluewater Shipping which funds are property of defendants and subject to attachment and garnishment.

7.     Pola entered into a contract of affreightment (Exhibit "A") and related agreements in August 2017 which Pola refers to as if copied *in extenso*.  Under these contracts, Pola agreed to provide vessels to carry cargos for ST Shipping and/or Glencore.

8.     Pursuant to the contracts, Pola offered, and defendants accepted, the ASIAN PRIDE for the carriage of cargo, but then in breach of the applicable charter and

2

related contracts, defendants repudiated the charter, and thereby breached the applicable contract of affreightment and other agreements.

9.     This led to Pola having to rescind its charter or other contract with the owners of the ASIAN PRIDE, Bulk Trading SA Lugano ("Bulk Trading"), which in turn attached property allegedly owned by Pola aboard the vessel HAMPTON BRIDGE. (See U.S.D.C., E.D.L.A. C.A. 2:17-cv-16721)  While denying ownership of any property aboard that vessel, to prevent further interruptions of its business, Pola was forced to post a cash escrow of USD $500,000.00 in favor of Bulk Trading, all as a direct result of the wrongful repudiation of the charter of the ASIAN PRIDE by defendants.  In addition to the escrow, Pola as a result of the breach by defendants has incurred other losses, expenses, attorneys' fees and related losses.

10.     The applicable contract of affreightment and related agreements provide for binding arbitration.

11.     The purpose of this civil action is to obtain monetary security pending the conclusion of arbitration proceedings and/or the conclusion of litigation between the parties.

12.     To the extent the owner of bunkers and/or cargo aboard M/V TRUSTN TRADER II claims to be a nominally different entity than ST Shipping and/or Glencore, defendants herein, plaintiff claims the entities (ST Shipping, Glencore or others)  are all commonly controlled entities and, at all relevant times, held and continue to hold themselves out to the world as being associated companies and are recognized as such within the maritime and shipping community.

13.     Upon information and belief, the entities share officers, directors, and personnel.

14.     Upon information and belief, the defendants regularly intermingle funds and interchangeably pay each other's debts.

15.     Upon information and belief, the entities are alter egos of one another.

16.     Upon information and belief, the common officers of the entities exercise complete domination and control over the other entities and/or disregard the other entities' corporate form and/or conduct the business and operations of the other defendants as if the same were the common officers' own, and vice versa; therefore, adherence to the fiction of the separate existence of the entities as distinct from one another would permit an abuse of the corporate privilege and would sanction fraud and promote injustice.

17.     Plaintiff reserves the right to amend and/or supplement its pleadings as necessary and/or as the facts become more fully known.

18.     On information and belief, the premises of this Complaint are true and correct, and within the Admiralty and Maritime jurisdiction of the United States of America and this Honorable Court.

WHEREFORE, plaintiff, Pola Logistics Ltd, prays that:

1.     Process in due form of law, according to the rules of practices of this Honorable Court in cases of admiralty and maritime jurisdiction issue against defendants, ST Shipping and Transport Pte Ltd and Glencore International AG, and that, after arbitration and/or due proceedings, there be judgment against defendants in the full amount of any amounts Pola is required to pay to Bulk Trading, plus all

4

associated fees, costs, expenses, etc., presently estimated at $650,000.00, plus interest, costs and attorneys' fees (which are recoverable under English law, made applicable by the contracts herein);

2.      That the bunkers, cargo or other property of defendants aboard the M/V TRUSTN TRADER II and all other property of defendants and/or local agents within this District be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime claims and 9 U.S.C. §8 and/or 9 U.S.C. §201, *et. seq.*, and the laws and statutes of the State of Louisiana for writ of foreign attachment in the amount of $650,000.00, plus interest, costs and attorneys' fees, all pursuant to writ of attachment as authorized or permitted by the Federal Rules of Civil Procedure and the laws and statutes of the State of Louisiana;

3.      That after due proceedings be had, that any and all goods and chattels of defendants in the hands of third parties be retained within this jurisdiction pending the outcome of this litigation and/or arbitration proceedings (or pending the issuance of proper and solvent security by defendant); and

4.      That plaintiff have such other and further relief as law and justice and equity may allow.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   *s/ Kevin J. LaVie*
        Kevin J. LaVie (#14125)
        Justin C. Warner (#37349)
        Canal Place
        365 Canal Street • Suite 2000
        New Orleans, Louisiana 70130-6534
        Telephone: (504) 566-1311

5

Telecopier: (504) 568-9130
Attorneys for Plaintiff, Pola Logistics Ltd

6

PD.22832502.1

## VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared:

**KEVIN J. LAVIE**

who, upon being duly sworn, did depose and say:

That he is a member of the firm of Phelps Dunbar LLP, attorneys for plaintiff; that he has read the foregoing Complaint, and the facts contained therein are true and correct to the best of his knowledge, information, and belief, and that the source of this information is communications received from the plaintiff and their agents; that he has been authorized by the plaintiff to execute this verification on plaintiff's behalf; and that he makes this verification as attorney because no officer of plaintiff is located at the place of the Court.

_____
KEVIN J. LAVIE

SWORN TO AND SUBSCRIBED

BEFORE ME THIS 15th DAY

OF DECEMBER  2017.

_____
NOTARY PUBLIC
Michael M. Butterworth
Notary Public, Notary ID # 38295
Orleans Parish Louisiana
My Commission Expires With Life
Louisiana Bar #21265

7

PD.22832502.1